### GROOM et al. v. FEDERAL UNDERWRITERS EXCHANGE.

#### No. 11444.

Court of Civil Appeals of Texas. San Antonio.

Nov. 15, 1944.

Rehearing Denied Jan. 3, 1945.

B. D. Kimbrough, of McAllen, and T. S. Cyrus, of Corpus Christi, for appellants.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellee.

NORVELL, Justice.

This is a workman's compensation case.

The trial court denied appellant H. C. Groom a recovery of compensation upon the theory that at the time of his injury Groom was not an employee of T. M. Bell.

Bell was in the business of building dwelling houses for sale. The record indicates that in a few instances he did construct houses for persons upon a specified contract price. This circumstance does not, however, affect the legal situation presented.

Bell employed Groom as a carpenter and cement man upon the construction of a house located at 213 East Vanderbilt Drive, Corpus Christi, Texas. While working on the job, Groom sustained injuries which resulted in the loss of his eye.

The trial court held that Groom could not recover from Federal Underwriters Exchange, the insurance carrier, because the policy involved named the subscriber as T. M. Bell, an individual, whereas, Groom's actual employers were T. M. Bell and Roy Wagner, operating as a partnership. The basis of this conclusion was an oral agreement between Bell and Wagner, wholly unknown to Groom at the time of his employment by Bell. Wagner was a carpenter and under his arrangement with Bell, an advance estimate of the labor costs on a particular job would be agreed upon by Bell and Wagner. If upon completion of the job, the labor costs were less than the estimate, Wagner was to receive one-half the difference. If, on the other hand, the labor costs exceeded the amount of the estimate, Wagner was to pay Bell one-half the difference. Wagner also received a definite hourly wage for work done by him upon any job covered by his agreement with Bell.

The relationship of Bell and Wagner was clearly that of employer and employee. The "business" involved was that of building and selling houses. "Profits" of this business were measured by the difference between the amount received from the sale of the house and the lot upon which it was situated, on one hand, and the cost of the lot and the costs of constructing the house, on the other hand. Wagner obviously had no share in these profits. His compensation was not dependent upon a profit being realized upon any particular

house building and selling operation. Such compensation depended upon other factors, i. e., the agreed hourly wage, the advance estimate of labor costs and the actual labor costs as determined after completion of a job. Bell and Wagner are not partners in law simply because the item of "actual labor costs" is one of several which must be considered in determining whether or not Bell realized a profit upon any particular building and selling operation.

For the error pointed out the judgment of the trial court is reversed, and the cause remanded to the trial court with directions that the amount of recovery properly due appellants, H. C. Groom (and his attorney) and Dr. Bernard B. Friedman, be definitely ascertained in accordance with this opinion and those findings of the trial court not hereby disapproved, and judgment rendered for such amounts against appellee, Federal Underwriters Exchange.

Reversed and remanded with instructions.